IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MIRIAM MARTINEZ, | ) |
| Plaintiff, | ) Civil Action No. |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| HORIZON GROUP USA, INC and BIRD STAFFING | ) |
| Defendants. | ) |

_____

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Miriam Martinez ("Plaintiff"), through undersigned counsel, and files this lawsuit against Defendants Horizon Group USA, INC ("Defendant Horizon Group") and Bird Staffing ("Defendant Bird Staffing", collectively, "Defendants"), and for her First Complaint shows the following:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of her rights under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. seq. ("Title VII").

2.

This action seeks, *inter alia*, declaratory and equitable relief, along with monetary damages, attorney's fees and costs.

## JURISDICTION AND VENUE

3.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 2000e-5(f).

4.

Defendants conduct business in this District and are subject to specific jurisdiction over the claims asserted herein. This Court has jurisdiction over the parties and Plaintiff's claims.

5.

The acts and omissions giving rise to Plaintiff's claims were committed within this county. Thus, venue is appropriate in this Court.

## PARTIES

6.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

Defendant Horizon Group may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

8.

Defendant Bird Staffing may be served with process by delivering a copy of the summons and complaint to their office address at 821 Pavilion Ct. St. A, McDonough, GA 30253.

## ADMINISTRATIVE PROCEDURES

9.

Plaintiff timely filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC").

10.

Upon Plaintiff's request, the EEOC issues Plaintiff a Notice of Right to Sue with respect to Plaintiff's EEOC Charges, entitling an action to be commenced within ninety (90) days of receipt of the notices.

11.

This action has been timely commenced.

## FACTUAL ALLEGATIONS

12.

Defendants are now, and at all times relevant hereto, have been employers subject to Title VII.

13.

Defendant Bird Staffing is a staffing company. Defendant Bird Staffing placed Plaintiff with Defendant Horizon Group on or about September 2021 to work as a warehouse clerk.

14.

In or around October 2021, Plaintiff began working in the shipping office.

15.

When Plaintiff began work in the shipping office, she began experiencing sexual harassment from a co-worker named Deion Last Name Unknown ("LNU").

16.

On a daily basis, Deion would describe sexual acts he wanted to do to the Plaintiff.

17.

On one occasion, there was a banana on a supervisor's desk. Deion described what he wanted to do to Plaintiff as if the banana were his penis. He described how big it was and stated that Plaintiff would put it in her mouth.

18.

On or around October 8, 2021, Plaintiff reported to Jon Hall ("Hall"), her supervisor, that she was extremely uncomfortable on the floor due to Deion's behavior. Hall stated that he would discuss the workplace sexual harassment policies with Deion.

19.

Hall also was known to make inappropriate comments to the Plaintiff. He called her "babe", "baby", and "honey", which made Plaintiff uncomfortable.

20.

Plaintiff asked Hall to call her by her nickname, Mia, but he continued to use pet names.

21.

On or around October 11, 2021, Plaintiff again complained to Hall about Deion's sexual harassment and that she was very uncomfortable working with him.

She asked to switch departments and was told to wait for her 90-day probationary period to end.

22.

On October 15, 2021, Plaintiff reported to work, but was told by Defendant Bird Staffing that she was terminated.

23.

Tamika Grant, a recruiter for Defendant Bird Staffing, stated that Jon Hall ended Plaintiff's Assignment.

24.

Later, in an email Defendant Bird Staffing stated that Plaintiff was terminated for being unprofessional.

25.

Plaintiff was terminated less than two weeks after she complained of sexual harassment to her supervisor.

26.

Defendants retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964.

27.

Plaintiff has suffered lost wages and emotional distress as a direct result of Defendant's unlawful actions.

28.

Defendants jointly employed Plaintiff for purposes of liability under Title VII.

29.

Defendant Horizon controlled the decision to terminate Plaintiff's employment in retaliation for Plaintiff's protected activity. Defendant Horizon also controlled Plaintiff's job duties, work schedule and other material conditions of Plaintiff's employment.

30.

Defendant Bird Staffing treated Plaintiff as a W-2 employee and exercised control over Plaintiff's rate of pay and various Human Resources functions with respect to Plaintiff's employment.

## **CLAIMS FOR RELIEF**

## **COUNT I – RETALIATION**

31.

Plaintiff re-alleges paragraphs 12 through 27 as if set forth fully herein.

32.

Plaintiff's complaints and opposition to sexual harassment constitute protected activity under Title VII.

33.

Defendants subjected Plaintiff to adverse action by terminating Plaintiff because of her protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of sexual harassment.

34.

There was a causal connection between the protected conduct and the adverse actions against Plaintiff.

35.

As a direct and proximate result of Defendants' violations, Plaintiff has suffered economic and non-pecuniary damages.

36.

Defendants willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

37.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) That judgment be entered against Defendants on all claims;

(b) That general damages be awarded for mental and emotional suffering;

(c) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(d) Lost wages and other economic damages;

(e) Reasonable attorney's fees and expenses of litigation;

(f) Trial by jury as to all issues;

(g) Prejudgment interest at the rate allowed by law;

(h) Declaratory relief to the effect that Defendants has violated Plaintiff's statutory rights;

(i) Injunctive relief prohibiting Defendants from further unlawful conduct of the type described herein; ands

(j) All other relief to which she may be entitled.

This 5th day of January, 2022.

**BARRETT & FARAHANY**

*/s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com